**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Roger J. Day, M.D., | Civil No. 08-1096 (DWF/AJB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Mayo Clinic, N.P., a Minnesota non-profit corporation; Mayo Clinic Rochester, N.P., a Minnesota non-profit corporation; and Jonathan J. Oviatt, Joseph M. Colaiano, Kimberly K. Otte, Lori Kuhlmann-Leibfried, R.N., Steven I. Altchuler, M.D., Ph.D., Denis A. Cortese, M.D., Wyatt W. Decker, M.D., and Peter A. Smars, M.D., in their capacities as individuals and as Minnesota licensed Mayo Clinic employed physicians, | |
| Defendants. | |

Roger J. Day, M.D., *Pro Se*, Plaintiff.

---

This matter is before the Court upon Plaintiff Roger J. Day, M.D.'s objections to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated April 30, 2008, recommending that Plaintiff's application to proceed *in forma pauperis* be denied and that this action be summarily dismissed for lack of jurisdiction. In the Report and Recommendation, the Magistrate Judge explained that "there are no possible grounds for federal subject matter jurisdiction . . . because there are no allegations suggesting that

Plaintiff's claims are based on the Constitution, laws or treaties of the United States." (Doc. No. 3 at 3.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Plaintiff's objections include a request to amend the Complaint to identify Defendant Steven I. Altchuler, M.D., Ph. D., as a state official and to name additional state agents and officials who acted with Dr. Altchuler. Plaintiff asserts that the Complaint, as so amended, would make clear that a violation of a federal constitutional right has been properly asserted.

Generally, after a responsive pleading has been served, a party may amend its complaint "when justice so requires." Fed. R. Civ. P. 15. However, "permission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief . . . ." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994). "Good reason to deny leave to amend exists if amendment would be futile." *Id*. at 225. To deny a motion to amend on the ground of futility "means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion." *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).

Plaintiff claims that his civil rights under the federal Constitution were violated. Even considering the additional allegations that Plaintiff attempts to add to his Complaint, it is clear that the originally named Defendants are not state (or federal) actors for federal civil rights purposes. There are simply no allegations, other than the conclusory ones proposed by Plaintiff, to suggest that the originally named Defendants are governmental agents or employees. In addition, Plaintiff has failed to allege any facts that any of the originally named Defendants were acting under the color of law.

In addition, Plaintiff attempts to add several new defendants, including the Minnesota Office of the Attorney General, Minnesota Attorney General Lori Swanson, Minnesota Assistant Attorney General Thomas C. Vasaly, State of Minnesota, Minnesota Board of Medical Practice, and other individual members of the Minnesota Board of Medical Practice. Plaintiff asserts that these newly proposed defendants violated Plaintiff's civil rights by obtaining Plaintiff's medical records without proper authority or warrant. Plaintiff's proposed Amended Complaint, however, focuses on the dissemination of information obtained by a nurse during a visit to a hospital emergency room. This alleged breach of confidentiality occurred prior to the involvement of the proposed additional defendants. It is clear that Plaintiff's grievance is with the actions of the originally named Defendants.

For the above reasons, Plaintiff's proposed amendment is futile, and insofar as Plaintiff seeks to amend his Complaint, his request is denied.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff Roger J. Day, M.D.'s objections (Doc. No. 13) to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated April 30, 2008, are **DENIED**.

2. Magistrate Judge Arthur J. Boylan's Report and Recommendation dated April 30, 2008 (Doc. No. 3) is **ADOPTED**.

3. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is **DENIED**.

4. This action is summarily **DISMISSED** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 17, 2008            s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      Judge of United States District Court